MARIA E. HADSALL AND OTHERS, EXECUTORS, ETC., OF MARIA E. SEAVER, DECEASED, APPELLANTS, v. ABEL SCOTT, JOHN LANSING AND CHARLES A. SHERMAN, RESPONDENTS.

26 617
68 581

*Evidence — transaction with deceased person — what is — when a party cannot testify — Code of Civil Procedure, sec. 829.*

In an action brought to foreclose a mortgage the mortgagor defended on the ground that the mortgage was given as collateral security for the performance of an agreement made by him to convey certain real estate to the mortgagee, the plaintiff's testatrix, and that he had offered to perform the agreement by tendering a sufficient deed. Upon the trial the defendant testified in his own behalf that he had seen a paper signed by the plaintiff's testatrix and himself, and produced evidence tending to show that it was lost. He was then allowed, against the plaintiff's objection and exception, to testify that the paper had been read to him and to state its contents.

*Held,* that the evidence was inadmissible under section 829 of the Code of Civil Procedure.

Another defendant, a subsequent mortgagee, was called by the mortgagor and allowed to testify in his behalf as to a conversation had with the deceased.

*Held,* that the evidence was inadmissible.

APPEAL from a judgment in favor of the defendants, entered on the report of a referee.

*L. I. Dorwin* and *Elon R. Brown,* for the appellants.

*O'Brien & Emerson,* for the respondents.

SMITH, J.:

This action was brought to foreclose a mortgage. The defense set up by the respondent, Abel Scott, was that the mortgage was given as collateral security for the performance of an agreement made by him to convey to the mortgagee, Maria E. Biddlecom, the plaintiffs' testatrix, certain real estate, which agreement he had offered to perform by the tender of a sufficient deed. The defense was sustained by the referee upon conflicting testimony.

Certain exceptions were taken by the plaintiffs' counsel which we think present serious errors.

The defendant sought to prove a written agreement in pursuance of which he alleged that the mortgage was executed. To that end he testified in his own behalf that he. had seen a paper signed by the plaintiffs' testatrix and himself, and he produced evidence tending to show that the paper was lost. He then testified that the paper had been read to him, and he was then permitted to state its contents against an objection that he was incompetent to testify to the same under section 829 of the Code. We cannot doubt that this was error. The alleged agreement was a transaction between the defendant and the deceased person, whose representatives the plaintiffs were. If the writing had been produced it would have spoken for itself. But the defendant, having been obliged by reason of its loss to resort to parol evidence of its contents, could not supply the needed proof by his own testimony. His mouth was closed upon that subject as completely as if he had undertaken to testify to a parol agreement made by him with the deceased. If she had been alive and permitted to testify, her version of the contents of the lost paper might have contradicted his.

Charles A. Sherman, a witness called by the respondent, was permitted to testify to a conversation which he had with the plaintiffs' testatrix, against an objection that he was incompetent under section 829. Sherman was a party defendant, and as a subsequent mortgagee was interested in the event. The objection was overruled erroneously. The fact that Sherman was offered as a witness for the defendant Scott alone did not obviate the objection. (*Church* v. *Howard*, 79 N. Y., 41̃; *Hill* v. *Hotchkin*, 23 Hun, 414; *Allis* v. *Stafford*, decided in this department in Jan., 1882, on second appeal and not reported.)

It is impossible to say that the testimony thus improperly admitted did not affect the result, and for the reasons above stated the judgment should be reversed.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment reversed and new trial ordered before another referee, costs to abide event.